UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-3553(DSD/TNL)

Kimberly Golden,

       Plaintiff,

v.                                        **ORDER**

John W. Prosser, individually,
Prosser Holdings LLC, d/b/a
A.C. Financial, Automotive
Restyling Concepts, Inc. d/b/a
Automotive Concepts and William
H. Henney Law Office,

       Defendants.

    Thomas J. Lyons, Jr., Esq. and Consumer Justice Center, P.A., 367 Commerce Court, Vadnais Heights, MN 55127, counsel for plaintiff.

    William H. Henney, Esq. 5101 Thimsen Avenue, Suite 200, Minnetonka, MN 55345; Stephen P. Watters, Esq. and Watters Law Office, 5101 Thimsen Avenue, Suite 200, Minnetonka, MN 55345, counsel for defendants.

This matter is before the court upon the cross-motions for partial summary judgment by plaintiff Kimberly Golden, defendants John W. Prosser and Prosser Holdings, LLC, d/b/a A.C. Financial (collectively, A.C. Financial), defendant Automotive Restyling Concepts, Inc. d/b/a Automotive Concepts (ARC) and William H. Henney Law Office (Henney).[1] Based on a review of the file, record

---

[1] Defendants call their motions "partial" summary judgment motions, but they seek judgment as to all of the claims against them. Golden seeks summary judgment on all counts except Count IV.

and proceedings herein, and for the following reasons, the court denies Golden's motion and grants defendants' motions.

## BACKGROUND

This debt-collection dispute arises out of Golden's purchase of a used 2006 BMW from ARC in September 2014. Golden and ARC executed a Simple Motor Vehicle Contract and Security Agreement (Agreement) in connection with the sale. Spinler Aff. Ex. 1. The Agreement indicates that Golden made a $2,000 down payment on the car and that she agreed to finance the remaining $14,199. Id. at 1. ARC immediately assigned its rights under the Agreement – including the right to "all moneys due and to become due" - to JPMorgan Chase Bank, N.A. (Chase). Id. at 3. Golden and ARC simultaneously executed a Check Pledge and Note (Note) stating that if Golden's $2,000 down payment check is not negotiable, Golden will make immediate payment in full. Id. Ex. 3. The Note further states that ARC has a security interest in the car and that if payment is not made, ARC may "immediately repossess the car ... without notice." Id. Golden's title application, however, states that Chase is the only secured party with respect to the car. Id. Ex. 2, at 1.

The parties dispute whether Golden has made the $2,000 down payment. Golden asserts that she made payment on the day she purchased the car and defendants assert that Golden orally agreed

to make the payment soon thereafter.[2]  On February 4 2013, Henney sent a letter to Golden on behalf of A.C. Financial[3] "regarding a $2,000.00 balance due to A.C. Financial for [her] recent purchase of a 2006 BMW."  Lyons Decl. Ex. 5, ECF. No. 31-5.  Henney identifies himself as a "debt collector" and states that the letter is an "attempt to collect a debt."  Id.  The letter further advises Golden that she has 30 days to dispute the validity of the debt and that if she fails to do so, A.C. Financial will assume the debt to be valid.  Id.  Golden did not respond to the letter.

Then, on March 6, 2013, Prosser - chief manager of A.C. Financial and president of ARC - sent a letter to Golden on behalf of A.C. Financial stating as follows:

> This letter is a formal notification that you are in default of your obligations to make payment on your loan, account #11677C.  This account currently holds the sum of $2,000.00 payable by October 14, 2012.  This amount has been overdue since October 15, 2012 and you have ignored multiple requests to make payment.  Unless the full amount is received immediately upon receipt of this letter, we have no choice but to begin the repossession process to secure our financial interest in the vehicle. We have given you more than adequate notice on this issue and we have no other choice.  Please act accordingly[.]

---

[2] The court need not determine whether Golden paid the $2,000 for purposes of the instant motions, and thus will not recite the parties' competing versions of events.

[3] Prosser states that he assigned the debt from ARC to A.C. Financial, which is ARC's "in-house finance company." Prosser Aff. ¶¶ 1, 5-6.  There are no documents in the record evidencing the purported assignment.

3

Id. Ex. 6. The letter does not identify Prosser or A.C. Financial as a debt collector, nor does it contain a recitation of debtor rights.

On December 17, 2013, Golden filed this action, alleging violations of the Fair Debt Collection Practices Act (FDCPA), Minn. Stat. § 53C.08 and Minn. Stat. § 336.9-609. The parties now cross-move for summary judgment.

## DISCUSSION

**I. Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477

4

U.S. at 324.  A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Celotex, 477 U.S. at 322-23.

**II.  FDCPA**

Congress enacted the FDCPA to protect consumers "in response to abusive, deceptive, and unfair debt collection practices." Schmitt v. FMA Alliance, Ltd., 398 F.3d 995, 997 (8th Cir. 2005). "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which ... protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection [attempts]." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317–18 (8th Cir. 2004) (citations and internal quotation marks omitted).  "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not violate the FDCPA." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1056 (8th Cir. 2002) (citations and internal quotation marks omitted).

### A.   FDCPA Claims Against Henney

Golden claims that Henney's February 4, 2013, letter violated §§ 1692e(2)(A) and 1692f(1) of the FDCPA.  Section 1692e(2)(A) prohibits debt collector from using any "false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt" including "[t]he false representation of ... the character, amount, or legal status of any debt."

Golden first argues that Henney violated § 1692e(2) because she does not owe the $2,000 at issue.  The allegation that a debt is not owed, however, "cannot form a basis for a false and misleading practices claim under the FDCPA." Bleich v. Revenue Maximization Grp., Inc., 233 F. Supp. 2d 496, 500 (E.D.N.Y. 2002); see also Carpenter v. RJM Acquisitions, LLC, 787 F. Supp. 2d 971, 974-75 (D. Minn. 2011))(citing Richmond v. Higgins, 435 F.3d 825, 829 (8th Cir. 2006)) ("A consumer cannot circumvent the [FDCPA's] procedural device to dispute the validity of a debt by filing an action pursuant to § 1692e on the sole basis that the debt is invalid.").

Golden next argues that Henney's letter was false and misleading because ARC, not A.C. Financial, was her original creditor.[4]  The law is clear that a false statement must be

---

[4] Golden also argues that Chase is her only creditor given the assignment from ARC to Chase.  It is unclear, however, whether the down payment was included in the assignment because it is excluded from the amount Chase loaned to Golden. See Spinler Aff.
(continued...)

6

material in order to be actionable under 1693e(2). Neill v. Bullseye Collection Agency, Inc., No. 08-5800, 2009 WL 1386155, at *2 (D. Minn. May 14, 2009). Representations are material if they "frustrate a consumer's ability to intelligently choose his or her response." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010). Golden has not pleaded that any misrepresentation affected her ability to intelligently respond to the letter. Indeed the letter, even if inaccurate as to her creditor, plainly states that the debt owed relates to Golden's "recent purchase of a 2006 BMW." Lyons Decl. Ex. 5, ECF No. 31-5. This information was sufficient to allow Golden to understand the letter and submit a response. Her decision not to respond does not affect the court's analysis.

Golden also claims that Henney's letter violated § 1692f(1), which prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." Included among such means is an attempt to collect an amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Henney's letter does not violate that provision. Although Golden disputes the debt, the debt amount - as set forth in Henney's

---

⁴(...continued)
Ex. 1, at 1. Golden subpoenaed Chase for documents and is still awaiting a full response. ECF No. 87. Because the court does not rely on Chase's security interest in deciding this matter, it does not require the parties to further supplement to record.

letter - is unquestionably the amount at issue.  As a result, the claims against Henney must be dismissed.

**B.   FDCPA Claims against A.C. Financial**

Golden claims that the March 6, 2013, letter violated various provisions of the FDCPA.  A.C. Financial responds that the FDCPA does not apply because it was acting as a creditor, rather than as a debt collector.  The FDCPA "regulates the activities of, and imposes liability upon, debt collectors, not creditors." Hartley v. Suburban Radiologic Consultants, Ltd., 295 F.R.D. 357, 370 (D. Minn. 2013); see Williams v. Citibank, N.A., 565 F. Supp. 2d 523, 528 n.6 (S.D.N.Y. 2008)("The FDCPA applies to debt collectors and not 'creditors' because debt collectors, unlike creditors, are not constrained in their actions by the risk that a negative reputation regarding debt collection practices might threaten their continued access to new borrowers.").  A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed[.]"  15 U.S.C. § 1692a(4).

A.C. Financial maintains that it acted as a creditor in this matter because it handles ARC in-house financing needs.  A.C. Financial also references the purported assignment of the debt from ARC.  Golden responds that A.C. Financial should not be deemed a creditor because it acted as an assignee of a debt already in default, and thus is a debt collector for purposes of the FDCPA. See 15 U.S.C. § 1692a(4) (providing that the term creditor "does

8

not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another"). There is no evidence in the record that the assignment, assuming it occurred, was for the purpose of facilitating collection of the debt. Rather, A.C. Financial was responsible for handling Golden's down payment obligation because it was ARC's financing arm. Golden has not established to the contrary. Thus, the court cannot conclude that § 1692a(4) undermines A.C. Financial's status as a creditor.

Even if it was a debt collector acting on ARC's behalf, however, A.C. Financial still would be exempt from the FDCPA under the "affiliate exemption," which provides:

> The term [debt collector] does not include - any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts[.]

15 U.S.C. § 1692a(6)(B).

The record supports a finding that ARC and A.C. Financial are sufficiently affiliated to trigger § 1692a(6)(B). Both entities are managed by Prosser, and Prosser attests that A.C. Financial is ARC's "in-house finance company." Prosser Aff. ¶¶ 1, 6. Golden does not dispute these facts, nor does she contend that ARC or A.C.

9

Financial are in the "principal business" of collecting debts. As a result, A.C. Financial is exempt from the FDCPA under these circumstances.

**III.  Minn. Stat. § 53C.08**

Golden claims that A.C. Financial and ARC violated the Motor Vehicle Retail Installment Contract Act, Minn. Stat. § 53C.08 (Act).  Section 53C.08, subd. 1(a) provides that "[e]very retail installment contract shall be in writing, shall contain all the agreements of the parties, shall be signed by the retail buyer and seller, and a copy signed by the retail buyer shall be furnished to such retail buyer at the time the retail buyer executes the contract."  Golden argues that because the Agreement does not include the alleged oral agreement to defer the $2,000 down payment, defendants are precluded from collecting that amount and from defending this lawsuit.  Golden is incorrect.

The purpose of the Act is to "require disclosure to consumers of the cost of credit extended to them, including sale price, amount of down payment, insurance charges, and finance charges." Scott v. Forest Lake Chrysler-Plymouth-Dodge, 611 N.W.2d 346, 351 (Minn. 2000) (citation omitted).  "The 'agreement of the parties' clause serves to prohibit dealers from relying on separate agreements containing additional or contradictory financing terms." Id.  Thus, the Act is not designed to serve as a statutory integration clause, but rather to ensure that buyers are not

10

surprised by financing costs not set forth in the installment contract. Here, the Agreement complies with the Act by listing the sale price, applicable taxes and fees, and the $2,000 down payment amount, among other things. See Minn. Stat. § 53C.08, subd. 2 (listing required content); Spinler Aff. Ex. 3. The parties' dispute about whether Golden has actually paid the $2,000 does not change the financial terms set forth in the Agreement. As a result, Golden does not have a claim under the Act.

**IV. Minn. Stat. § 336.9-609**

Golden also argues that A.C. Financial and ARC violated Minn. Stat. § 336.9-609 by threatening to repossess her vehicle in the March 6, 2013, letter. Section 336.9-609 provides the circumstances under which a secured party may repossess collateral after a default. Golden cites to no authority for the proposition that a mere threat to repossess, absent a breach of the peace, violates § 336.9-609. See Williams v. Republic Recovery Serv., Inc., No. 09-6554, 2010 WL 3732107, at *3 (N.D. Ill. Sept. 16, 2010) (allowing a claim under a materially identical statute because the creditor breached the peace during an unsuccessful repossession attempt). Here, it is undisputed that Golden's car has not been repossessed and there has been no attempt to repossess.[5] As a result, Golden's claim fails.

---

[5] Golden suggests that someone on behalf of A.C. Financial may have come to her home to repossess the vehicle, but the record
(continued...)

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion for partial summary judgment [ECF No. 29] is denied;

2.   The motion for partial summary judgment of defendants Prosser, A.C. Financial and ARC [ECF No. 33] is granted; and

3.   Defendant Henney's motion for summary judgment [ECF No. 40] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   September 15, 2014

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court

---

[5](...continued)
does not substantiate this allegation.